**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

————————————————————    )
                                              )
ANTHONY LOUIS GREEN,                          )
                                              )
                      Petitioner,             )
        v.                                    )        Civil Action No. 11-1534 (RCL)
                                              )
SIMON T. WAINWRIGHT, *et al.*,                )
                                              )
                      Respondents.            )
————————————————————    )

**MEMORANDUM OPINION**

      This matter is before the Court on Anthony Louis Green's petition for a writ of habeas corpus and the United States Parole Commission's response to the Court's order to show cause. For the reasons discussed below, the petition will be denied.

I.  BACKGROUND

      On February 18, 2004, in the Superior Court of the District of Columbia, the petitioner was sentenced to a term of 15 months' incarceration followed by a five-year term of supervised release. United States Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Resp't's Opp'n"), Ex. 1 (Judgment in a Criminal Case, *United States v. Green*, No. F-4698-03 (D.C. Super. Ct. February 18, 2004)). On December 11, 2004, the petitioner was released from this term to custody on a parole violator warrant issued previously in connection with earlier Superior Court cases, Nos. F-9325-94 and F-5402-98. *See id.*, Ex. 2 (Sentence Monitoring Computation Data as of 10-11-2006) at 1, 4. The petitioner began concurrent parole and supervised release terms on all three cases on October 11, 2006; parole in Case Nos. F-9325-94 and F-5402-98 ended on January 29, 2007. *Id.*, Ex. 3 (Alleged Violation(s) Report dated

1

March 14, 2007) at 2.  His supervised release term was to continue through December 11, 2009. *Id.*, Ex. 3 at 2.

In March 2007, the petitioner was charged with three violations of the conditions of his supervised release: failure to comply with drug testing by testing positive for cocaine on 10 occasions (Allegation #1), failure to comply with drug testing by failing to report for testing on four occasions (Allegation #2), and failure to obey all laws by his arrest for driving without a permit (Allegation #3).  Resp't's Opp'n, Ex. 3 at 2.  The Commission proposed, and the petitioner accepted, the expedited revocation of supervised release.  *See id.*, Ex. 4 (Response to Expedited Revocation Proposal signed September 18, 2008) & Ex. 5 (Notice of Action dated September 25, 2008) at 1.  Accordingly, the Commission revoked supervised release, directed that the petitioner serve a new term of 16 months' imprisonment commencing on July 16, 2008 (the date on which a violation warrant was executed), followed by a new term of 44 months' supervised release.  *Id.*, Ex. 5 at 1.  Upon his release from custody on September 11, 2009, the petitioner began to serve the new supervised release term.  *Id.*, Ex. 6 (Sentence Monitoring Computation Data as of 09-11-2009) at 2.

Supervision continued until the petitioner's arrest on March 29, 2011.  Resp't's Opp'n, Ex. 9 (Warrant) & Ex. 10 (Warrant for Return of Prisoner Released to Supervision).  The petitioner was charged with two violations of the conditions of his supervision: one law violation, that is, an arrest for simple assault (Charge No. 1), and failure to report his arrest timely to his supervision officer (Charge No. 2).  *Id.*, Ex. 8 (Warrant Application dated February 14, 2011) at 2.  A probable cause hearing took place on June 10, 2011, *id.*, Ex. 11 (D.C. Probable Cause Hearing Digest) at 1, during which the petitioner admitted the law violation and the hearing examiner found "the evidence supporting [Charge No. 2 was] sufficiently specific and

credible for the existence of probable cause," *id.*, Ex. 11 at 2.[1] The hearing examiner recommend

that a revocation hearing be conducted after the petitioner's transfer to a federal correctional

institution. *Id.*, Ex. 11 at 6; *see id.*, Ex. 12 (Letter to the petitioner from A.N. Marsh, Parole

Clerk, U.S. Parole Commission, dated June 28, 2011) at 1-2.

The Commission recommended the expedited revocation of the petitioner's supervised

release. *See generally* Resp't's Opp'n, Ex. 14 (Expedited Revocation Recommendation dated

July 18, 2011). Apparently there was a delay in the receipt of the proposal by the petitioner's

counsel, *see id.*, Ex. 15-16 (e-mail messages dated July 19, 2011 and September 19, 2011,

respectively), and the Commission sent an amended proposal:

> Revoke the term of serviced release. You shall serve a new term
> of imprisonment of 20 months from the date the warrant was
> executed 03/29/2011. In addition, it is expected that you will be
> credited service of this sentence for the time spent in custody from
> 11/18/2009 through 10/04/2010. No term of supervised release to
> follow since the new term of imprisonment imposed will exhaust
> the maximum authorized new term of imprisonment.

*Id.*, Ex. 19 (Expedited Revocation Proposal). The petitioner accepted this proposal, and thereby

agreed to the following provision:

> By accepting this decision, I understand that I am accepting
> responsibility for my conduct, waiving my right to a revocation
> hearing, and waiving my right to appeal the decision.

*Id.*, Ex. 20 (Response to Expedited Revocation Proposal dated October 11, 2011) at 1. The

Commission issued a decision consistent with this agreement. *See id.*, Ex. 21 (Notice of Action

dated October 18, 2011).

---

1    Petitioner already had been convicted of simple assault and sentenced to a term of 150
days' incarceration. *See* Resp't's Opp'n, Ex. 11A (Judgment in a Criminal Case, *United States v.
Green*, No. 2001 DVM 000160 (D.C. Super. Ct. May 3, 2011)).

## II. DISCUSSION

In this action, the petitioner alleges that the Commission failed to conduct timely probable cause and revocation hearings in violation of his Fifth Amendment right to due process. *See* Pet. at 5.  Notwithstanding the Commission's acknowledgment of its failures, *see* Resp't's Opp'n at 5 n.5, the petitioner cannot establish that "[h]e is in custody in violation of the Constitution or law or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The petitioner's claim is now moot because he waived his right to these hearings by his acceptance of the expedited revocation proposal.  *See Lane v. Williams*, 455 U.S. 624, 631 (1982) (finding that an attack on sentences which expired during course of habeas proceedings rendered the case moot); *Thorndyke v. Washington*, 224 F. Supp. 2d 72, 74 (D.D.C. 2002) (concluding that petitioner's claim of unlawful custody before his revocation hearing and findings of fact on charge of parole violation found moot after issuance of corrected Notice of Action).

Accordingly, the Court will deny the habeas petition and dismiss this action.  An Order accompanies this Memorandum Opinion.


DATE:  January 30, 2012                    ROYCE C. LAMBERTH
                                           United States District Judge